FILED

JUN - 4 2010

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
            DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IRENE P. GARZA | § | |
| **Plaintiff,** | § | |
| | § | **SA10CA0471 OG** |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | **Jury Demanded** |
| CITY OF UVALDE | § | |
| **Defendant.** | § | |

### PLAINTIFF IRENE P. GARZA'S
### ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Irene P. Garza, hereinafter called Plaintiff, complaining of and about City of Uvalde, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### I. PARTIES AND SERVICE

1.      Plaintiff Irene P. Garza, is a citizen of the United States and the State of Texas.

2.      Defendant City of Uvalde is a municipal governmental entity located in Uvalde County, Texas, and may be served with process by the clerk of the court by certified mail, return receipt requested by serving the Mayor of the City of Uvalde, Cody L. Smith, at 101 E. Main Street, Uvalde, Texas 78801.

### II. JURISDICTION

3.      This court has jurisdiction because the action arises under the Americans with Disabilities Act, 42 U.S.C. §12102, et al., and the amount in controversy exceeds $75,000.00.

### III. VENUE

4.      Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the

alleged unlawful employment practice was committed in this district. Plaintiff worked at the City of Uvalde in this district and the acts were committed by the City of Uvalde Permit Department and/or an Administrative Department of the City of Uvalde.

5.      Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the employment records relevant to the alleged unlawful employment practice are maintained and administered in this district.

6.      Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because defendant has its principal office in this district.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.      Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A. Plaintiff filed her original verified complaint with the Equal Employment Opportunity Commission (EEOC), alleging that the Defendant had committed unlawful employment practices against Plaintiff.

8.      Thereafter, Plaintiff received a "Notice of Right to File a Civil Action," dated March 4, 2010 and received by Plaintiff on March 8, 2010, giving Plaintiff notice of Plaintiff's right to sue Defendant within 90 days of its receipt. A copy is attached hereto as Exhibit "A" and made a part hereof for all intents and purposes.

## V. FACTS

9.      Plaintiff faithfully worked for the Defendant City of Uvalde since January of 2001 as a clerk in the Permit Department. Prior to her termination, Plaintiff was a long time civil employee and planned to retire in 2010 with 20 years service.

10.     Defendant is engaged in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

11.     Since 2004, Plaintiff has suffered daily pain from fibromyalgia and other medical and physical conditions which substantially limits some of her life activities including walking, standing, bending and lifting which necessitates her daily use of a cane or crutches.

12.     The Plaintiff shared work assignments and duties with the Office Manager of the Permit Department.  To accommodate the Plaintiff's disability, the Office Manager performed tasks that required physical demands that would be difficult and painful for the Plaintiff to perform.

13.     In October 2009, the Office Manager of the Permit Department was transferred to a position with the Municipal Court.  The Plaintiff was expected to take over the Office Manager's responsibilities and to train a new second Permit Clerk.  Based on a past history of failed training sessions with the new Permit Clerk, the Plaintiff knew that the replacement clerk was incapable of performing the daily work, and additionally, the Plaintiff would now have to perform tasks that she was unable to physically perform due to her disability without an accommodation.  Overwhelmed with the prospect of doing the work of 2 people in addition to the impossible physical demands now placed on her, the Plaintiff took her complaints to the City Manager and the Assistant City Manager.  On October 5, 2010, the Plaintiff reminded the Defendant of her painful disability that limited her movement and the Plaintiff told the Defendant that she would have to quit if she was not given proper help in the department.

14.     The City Manager talked the Plaintiff out of resigning and the Plaintiff agreed that she would try again to train the new clerk and withdrew her purported resignation.

However, later that day, the City Manager forced the Plaintiff to leave the building, claiming that

he had decided to accept her prior resignation after all.  The Plaintiff stated that she understood

that she was actually being fired and she asked for a letter of termination with a statement of

cause.  The City Manager said that he would give the Plaintiff the letter of termination when it

was created.  On November 4, 2009, the Plaintiff received a letter from the City Secretary that

re-characterized the actual events of the firing of the Plaintiff by stating that the Plaintiff had

voluntarily resigned without notice based on the fact that the Plaintiff left the building during

work hours and never returned back to work.

## VI.  AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. §12102, et al.

15.     Plaintiff is disabled, as defined by the Americans with Disabilities Act (ADA), 42

U.S.C. §12102(1).  The Plaintiff's fibromyalgia and other medical and physical conditions

substantially limit some of her life activities including walking, standing, bending and lifting

which necessitates her daily use of a cane or crutches.  Prior to her termination, Plaintiff was

otherwise qualified and able to perform the essential functions of her job as a Permit Clerk.

16.     Plaintiff is an employee within the meaning of the ADA, 42 U.S.C. §12111(4).

17.     Defendant is an employer within the meaning of the ADA, 42 U.S.C. §12111(5).

18.     Defendant violated the ADA by discriminating against Plaintiff through failure to

reasonably accommodate Plaintiff's disability.  Plaintiff could reasonably accommodate the

Plaintiff but was unwilling to do so.  Though it was known and obvious to the Defendant that the

Plaintiff would require accommodations due to the fact that the Plaintiff used a cane or crutches

when walking, the Defendant did not make accommodations when the Plaintiff requested them

based on her disability and/or based on the perception of her disability.

19.     Additionally, Defendant violated the ADA by intentionally discriminating against

Plaintiff because of her disability, 42 U.S.C. §12203.  Defendant's discriminatory acts include

retaliating against and wrongfully terminating the Plaintiff when she complained about

Defendant's failure to accommodate her disability.

### VII.  RESPONDEAT SUPERIOR AND RATIFICATION

20.     Whenever in this complaint it is alleged that the Defendant did any act or thing, it

is meant that the Defendant's officers, agents, servants, employees or representatives did such

act and/or that at that time such act was done, it was done with the full authorization or

ratification of the Defendant or was done in the normal and routine course and scope of

employment of Defendant's officers, agents, servants, employees, or representatives.

### VIII.  DAMAGES

21.     As a direct and proximate result of the Defendant's conduct and/or omission,

Plaintiff suffered the following injuries and damages:

(a)     Mental anguish and emotional distress suffered in the past; and

(b)     Mental anguish and emotional distress which, in all reasonable probability, will

be suffered in the future;

(c)     Lost wages, past and future;

### IX. ATTORNEY FEES

22.     Plaintiffs are entitled to an award of attorney fees, expert fees and costs under 42

U.S.C. §12205.

### X.  JURY DEMAND

23.     Plaintiff further demands a trial by jury.

### XI.  PRAYER

24.     WHEREFORE, PREMISES CONSIDERED, Plaintiff, respectfully prays that the

Defendant be cited to appear and answer herein, and that upon a final hearing of the cause,

judgment be entered for the Plaintiff against Defendant for damages in an amount within the

jurisdictional limits of the Court and believed to exceed $75,000; attorney's fees and expert fees,

together with interest, including pre and post judgment interest, as allowed by law; costs of

court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Plaintiff requests a jury trial.

Respectfully submitted,

By:_____

      Adam Poncio
      Texas Bar No. 16109800
      Southern District Bar No: 194847
      PONCIO LAW OFFICES, P.C.
      5410 Fredericksburg Rd., Suite 109
      San Antonio, TX  78229-3550
      Tel. (210) 212-7979
      Fax. (210) 212-5880

**ATTORNEY IN CHARGE FOR PLAINTIFF**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**